IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:24-cr-00121-2 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| ROBERT HOUSTON MCDOWELL | ) | |

## ORDER

Pending before the Court is Defendant Robert McDowell's motion to compel production of exculpatory evidence. (Doc. No. 51). The Government filed a response in opposition (Doc. No. 52), and Defendant filed a reply (Doc. No. 53). The Court held a hearing on the motion on May 14, 2025. For the reasons stated below, the Motion is **DENIED**.

Through his pending motion, Defendant contends that the Government violates its obligations under *Brady v. Maryland*, 373 U. S. 83 (1963) by refusing to provide certain information Defendant requested – including interview memoranda, grand jury testimony, and various categories of other information identified by Defendant as exculpatory evidence. Defendant also contends that the Government violated its *Brady* obligation by failing to supplement a "summary letter" containing excerpts of witness statements or to certify that none of the requested information exists. Defendant argues that the Government plans to wait to produce all *Brady* material "at the last possible moment." (Doc. No. 51 at 10). Defendant seeks an Order requiring the Government to (1) "provide all required information under the Court's prior order, the local rules, and Brady and its progeny within ten days, (2) confirm that it has done so after searching in the specific locations, and for the specific types of evidence" identified by Defendant's counsel in previous correspondence to the Government, and (3) "provide appropriate details to supplement its inadequate disclosure to date, including but not limited to the full

statement the witness provided, the witness's identity and last known contact information, when the statement was made, and to whom." (Doc. Nos. 51, 53).

In response, the Government contends that it has made several productions of discovery to Defendant, complied with its *Brady* obligations, and provided Defendant with 3 email summaries of information provided by witnesses as potentially favorable to Defendant. The Government states that it has and will continue to disclose *Brady* material. The Government contends that the information requested by Defendant is not tailored to relevant information that could be construed as *Brady*, but rather includes "lengthy, vague, open-ended categories that seek information about virtually every aspect of the Government's investigation." (Doc. No. 52 at 12).

"Under *Brady v. Maryland*, the prosecution in a criminal case has a constitutional duty to disclose material, exculpatory evidence." *McNeill v. Bagley*, 10 F.4th 588, 598 (6th Cir. 2021). "Impeachment evidence … as well as exculpatory evidence, falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). "When *Brady* material sought by a defendant is covered by the Jencks Act, 18 U.S.C. § 3500, the terms of that Act govern the timing of the government's disclosure." *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994). "[R]ule [16] provides no authority for compelling the pretrial disclosure of *Brady* material or of any other evidence not specifically mentioned by the rule." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988).

After reviewing the parties' briefs and considering the arguments made at the hearing, the Court finds that in this case, the Government recognizes its responsibilities under *Brady* and *Giglio* and the perils of failing to comply with those obligations. Moreover, the Court has already entered an Order reminding the Government of its requirement to comply with its *Brady* obligation. (Doc. No. 14). Accordingly, Defendant's motion (Doc. No. 51) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE